IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TEDDY A. WATSON, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO. 2:09cv19-WKW |
| ) | |
| v. ) | |
| ) | |
| THE UNITED STATES OF AMERICA, ) | |
| *et al.,* ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On January 7, 2009, Plaintiff filed a document styled "Federal Complaint Amending State Complaints" (Doc. #1).[1]  On February 19, 2009, this matter was referred to the undersigned Magistrate Judge for further proceedings or recommendation as may be appropriate. (Doc. #2).  On March 16, 2009, the Court entered an Order (Doc. #4) directing Plaintiff to amend his Complaint to comply with the Federal Rules of Civil Procedure.  The Court also specifically instructed Plaintiff to address apparent pleading and jurisdictional defects within the Complaint.[2]  On April 10, 2009, Plaintiff filed a document styled "Federal

---

[1] The following were named as defendants by Plaintiff: The United States of America; The State of Alabama; and "Jere L. Beasley of the Beasley Law Firm."  The following were also docketed as defendants because Plaintiff "demanded" injunctive relief from them and because he provided summonses and service materials for each:  then President-Elect Barack Obama; United States Senator John McCain; United States Representative Artur Davis; former United States Attorney General Michael Mukasey; United States Attorney for the Middle District of Alabama Leura Canary; and Alabama Attorney General Troy King.

[2] In particular, the Court ordered Plaintiff to remedy his failure to provide adequate and appropriate service materials for each defendant named in his suit.  Plaintiff filed different

Amended Complaint," which, upon review, did not fully address the concerns highlighted by the Court. On April 21, 2009, Plaintiff filed a "Motion For Leave to Amend the Federal Amended Complaint on April 10, 2009," (Doc. #6) to which he attached his proposed amended complaint. (Doc. #6). On May 21, 2009, the Court granted Plaintiff's Motion to Amend and ordered him, once again, to file a complaint compliant with the Federal Rules of Civil Procedure. (Doc. #7). On May 29, 2009, Plaintiff filed another amended complaint. (Doc. #8). On June 22, 2009, Plaintiff filed a "Motion for Leave to Amend With Attached Copies of the Official Check for $147,445.88 and Notice from the Underlying cv-91-78 case in the Circuit Court of Lowndes County Alabama" (Doc. #9) and "Motion for the Court to Serve the Six Parties With the Summons and Documents Filed on May 29, 2009 and Also With What Being Filed Today." (Doc. #10).

The Court has expended considerable effort in attempting to decipher Plaintiff's various complaints. The complaints mostly consist of vague, confusing, and conclusory factual allegations, cryptic references to previous suits in state and federal courts, and ubiquitous citations to the esoterically indexed volumes of exhibits Plaintiff has provided.[3]

---

sets of materials for each Defendant, presumably because Plaintiff purported to seek different remedies - whether "civil jury" or civil or criminal "injunctive" relief - from each defendant. To this day, Plaintiff has not complied with this aspect of the Court's first order in this case. Thus, as the Court has sought to ascertain its jurisdiction over the intervening period, service of the materials provided by Defendant has not been effectuated.

[3]  Plaintiff's substantive pleadings in this case presently total over two hundred pages, while the "exhibits" appended to his various pleadings - consisting mostly of correspondence Plaintiff has sent to various officials, pleadings from past cases, and photocopies of newspaper articles - easily surpass one thousand pages, not including the digital CD-R disks

Plaintiff also lodges a number of bizarre, fanciful, and untenable demands for civil, criminal, and injunctive relief.[4] In a search for clarity, the Court has also reviewed portions of the records in some of the other actions Plaintiff has brought in this Court, which appear concerned with the same factual scenario at the heart of this matter. *See, e.g., Watson v. Beasley, et al.,* Civ. Case No. 2:98-cv-1023-ID-VPM (M.D. Ala. Sept. 11, 1998), *Watson v. Zentner, et al.*, Civ. Case No. 2:02-cv-1214-MEF-SRW (M.D. Ala. Oct. 31, 2002), *Watson v. Beasley, et al.*, Civil Case No. 2:04-cv-667-WHA-SRW (M.D. Ala. July 13, 2004), *Watson v. Beasley, et al.,* Civil Case No. 2:05-cv-179-MHT-SRW (M.D. Ala. Feb. 25, 2005), and *Watson v. Beasley, et al.,* 2:06-cv-978-MEF-WC (M.D. Ala. Oct. 30, 2006). At best, despite having ordered Plaintiff, on two separate occasions, to file a complaint which clearly states the basis for the Court's jurisdiction and includes the "short and plain statement" contemplated by Rule 8(a) of the Federal Rules of Civil Procedure, the Court can only hazard

---

filed with the original Complaint which contain substantial additional documents. For what it is worth, the "media exhibits" - meaning newspaper articles - that Plaintiff has appended to his various pleadings cover a wide range of apparently disparate topics but appear particularly fixated on, *inter alia*, the biography of Jere Beasley and coverage of the Beasley Law Firm's involvement in notable and completely unrelated litigation in various courts, the prosecutions of Don Siegleman, Richard Scrushy, and John Goff, the appointment of U.S. District Judges William Keith Watkins and Kristi DuBose, and the federal government's passage of the recent "stimulus package."

[4] For instance, Plaintiff has demanded, *inter alia*, "the federal congressional impeachment of the four U.S. district judges in Montgomery Al [sic]," Complaint (Doc. #1) at 6; that "federal officials," including the United States Attorney for the Middle District of Alabama, "remove" his various state court complaints to federal court, *Id.* at 8; the "appointment of a special federal prosecutor" to represent certain parties in this suit, *Id.* at 10; and that Congressman Artur Davis meet with or phone Plaintiff in order to discuss ways to settle this matter, Federal Amended Complaint (Doc. #5) at 4-5.

a modestly educated guess about the specific facts with which Plaintiff is aggrieved and the relief he seeks in this case. Accordingly, Plaintiff has failed to file a comprehensive and intelligible complaint which reasonably enables judicial review or an appropriate response by a defendant.[5]

Nevertheless, because the Court has, from the beginning of this litigation, been concerned about its jurisdiction to hear this matter,[6] the Court must establish some factual outline to inform the Court's determination of its jurisdiction. Pursuant to the Court's review, it appears that Plaintiff's suit is concerned with an attorney fee dispute between Plaintiff and a law firm in the state courts of Alabama. As a result of this dispute, which has been ongoing for approximately thirteen years, Plaintiff has filed numerous cases, in this court and in various state courts, against persons involved in the case which spawned the fee dispute, as well as a host of other actors considered culpable by Plaintiff.

Plaintiff was represented by the law firm presently known as Beasley, Allen, Crow,

---

[5] Further complicating the Court's efforts to satisfy itself of its jurisdiction to hear this matter is that Plaintiff has essentially failed to abide by the Court's various orders that he amend his complaint. While Plaintiff has timely responded to each order to amend, he has failed to address the Court's core concern: that he produce a single, concise document which clearly states the grounds for the Court's jurisdiction and presents a well-pleaded claim for relief. Instead, it appears that each amended complaint Plaintiff has filed is intended as more of a supplement to the preceding complaints. *See, e.g.,* Amended Complaint (Doc. #8) at 2-3 (presenting new factual allegations of constitutional violations from March 27, 2009, through April 29, 2009). Aside from frustrating this Court's efforts, this practice violates the Court's orders and ignores the law governing amendment of complaints as discussed in a previous Court order. *See* Order (Doc. #7) at 1-2.

[6] The Court notes that it may inquire, *sua sponte*, into its jurisdiction at any time during the course of litigation. *Univ. Of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

Methvin, Portis & Miles, P.C., ("Beasley Law Firm") in at least two state-court matters dating back at least to the early 1990s. In one matter, described as the "Lowndes County CSX case," the Beasley Law Firm secured an offer to settle a workplace injury claim on behalf of Plaintiff. Subsequently, there was an apparent falling-out between Plaintiff and the Beasley Law Firm stemming from one or both of the matters in which they were involved. Plaintiff terminated the Beasley Law Firm's attorney relationship and, after briefly obtaining successor counsel, ultimately proceeded to complete negotiating the settlement with CSX *pro se*. The Beasley Law Firm asserted a lien against any settlement funds owed Plaintiff pursuant to its attorney-client contract. Plaintiff was initially given approximately one-half of the gross settlement funds deposited with the state court. The remainder was held by the Lowndes County Circuit Court over the intervening approximately thirteen years as Plaintiff litigated the Beasley Law Firm's entitlement to its claimed portion of the settlement proceeds. Finally, in April, 2009, after Plaintiff initiated the instant matter, the Circuit Court entered an Order granting the Beasley Law Firm's Motion to Dismiss, denying any of Plaintiff's claims against the Firm, and awarding it $112,783.45, plus interest, in fees for its representation of Plaintiff.

From this admittedly peculiar skeleton of facts concerning a state court attorney fee dispute, Plaintiff unravels a vast conspiracy in which myriad actors within the state and federal judicial and political establishments are allegedly complicit in a concerted effort to deprive him of his property and other rights. According to Plaintiff, the scope of the

conspiracy is sweeping and its object sinister.[7] However, as described above, this highly attenuated conspiracy is only vaguely and conclusorily drawn by Plaintiff in his pleadings. In short, it appears Plaintiff surmises the conspiracy from the repeated setbacks he has suffered in his attempts to litigate his cause in various courts and instigate investigations into the conspiracy by government officials. While a conspiracy to deprive a citizen of protected constitutional rights, whether entered into by public or private actors, certainly may fall within the ambit of this Court's subject-matter jurisdiction,[8] *see* 28 U.S.C. § 1343(a) and 42 U.S.C. §§ 1981, 1983, & 1985,[9] the Court's duty to inquire into its jurisdiction entails more scrutiny than simply resting upon such nominal labels or magic words when they are buried in the text of otherwise attenuated, frivolous arguments, allegations, and conclusions. *See Southpark Square Limited v. City of Jackson, Mississippi,* 565 F.2d 338, 341-43 (5th Cir. 1977) (claim alleging a "taking" of plaintiff's property was insubstantial and district court should not have exercised subject-matter jurisdiction).[10]

---

[7] Indeed, in a phone call with the undersigned's chamber's staff, Plaintiff conveyed his belief that certain actors in the alleged conspiracy are plotting to have him killed. Hence, Plaintiff's expressed desire to have this case settled quietly or "out of court." *See* Federal Amended Complaint (Doc. #5) at 4.

[8] Other asserted bases for this Court's exercise of subject matter jurisdiction over Plaintiff's "jury demands," namely the federal criminal wire fraud statute, *see* Amendment to Federal Amended Complaint (Doc. #6) at attach.1, page 12, are without merit.

[9] Plaintiff posits these provisions of law as bases for his "demands for civil jury relief." Complaint (Doc. #1) at 16.

[10] Decisions of the Fifth Circuit Court of Appeals prior to September 30, 1981, have been adopted as binding precedent in the Eleventh Circuit Court of Appeals. *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*).

The Supreme Court of the United States has long recognized that "federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, . . . obviously frivolous, . . . or no longer open to discussion." *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (quotations and citations omitted). The Supreme Court has clarified that this "[c]onstitutional insubstantiality" doctrine also embraces claims considered "essentially fictitious." *Id.* (internal quotations omitted). "Essentially fictitious" claims are often characterized by allegations of, *inter alia*, "bizarre conspiracy theories" and other "fantastic" phenomena. *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994). Accordingly, courts have dismissed fee-paid complaints prior to service of process, for want of subject matter jurisdiction, where the plaintiff's claims hinged on fantastic and frivolous allegations of conspiracies or other delusional beliefs. *See, e.g.*, *Kolev v. Davidi*, 2008 WL 4447561 at *3 (C.D. Cal. 2008) (complaint alleges vast Zionist conspiracy affecting all facets of plaintiff's life). Ultimately, a Court assessing the "substantiality" of a presented claim "must ask 'whether there is any legal substance to the position the plaintiff is presenting.'" *Southpark Square Limited*, 565 F.2d at 342. A claim lacking the required "foundation of plausibility" is insubstantial and deprives the Court of subject matter jurisdiction. *Id.* Rules 12(b)(1) and 12(h)(3) of the Federal Rules of Civil Procedure provide the mechanisms by which a federal court may, in its discretion, dismiss a suit for lack of subject matter jurisdiction owing to the "plainly and indisputably frivolous" allegations of the complaint. *Ledford v. Peeples*, 568 F.3d 1258,

7

1287 (11th Cir. 2009).

To the extent the Court can discern the conspiracy allegations undergirding Plaintiff's complaint, they can only be considered frivolous or fantastic. Distilled to its most basic elements, Plaintiff's conspiracy charge appears to be as follows: "since 1994, federal judges/prosecutors in Montgomery Al. [sic] have repeated[ly] used the authority of federal government and taxpayers [sic] money to conspire to obstruct federal criminal and/or civil prosecution on the Beasley Firm lawyers, for conspiring to unlawfully represent Defendant Watson's behalf in the "<u>Lowndes CV-92-03 civil cow case for a felony crime</u> . . . **which** the Beasley Firm lawyers conspired to connect to Plaintiff Watson Civil case against CSX in <u>the Lowndes CV-91-78 case</u>." Complaint (Doc. #1) at 20 (all emphasis in original). *See also* Amendment to Federal Amended Complaint (Doc. #6) at attach.1, page 10-12. Plaintiff also alleges related, subsumed conspiracies involving "trial lawyers," state court judges, United States' Attorneys, and the Alabama Attorney General, but in all instances the object of the overarching "conspiracy" is consistent: obstruct Plaintiff's efforts to ensnare the Beasley Law Firm in civil or criminal investigations and prohibit Plaintiff from recovering that portion of his settlement funds which is subject to the lien in state court. Plaintiff's vague and obscure allegations about a conspiracy involving numerous of the judges of this court, as well as state judges, state and federal prosecutors, "trial lawyers," and others he has dragged into court over the years - culled as they are from actions and rulings in his various lawsuits and the failure to instigate investigations by law enforcement - are patently frivolous and fantastic.

As such, they are "constitutionally insubstantial" and insufficient to sustain this Court's exercise of subject-matter jurisdiction. Accordingly, Plaintiff's Complaint, as amended, is due to be dismissed.

For all of the foregoing reasons, the undersigned Magistrate Judge RECOMMENDS that Plaintiff's Complaint, as amended, be DISMISSED for lack of subject matter jurisdiction due to Plaintiff's failure to state a constitutionally substantial claim. The undersigned further RECOMMENDS that Plaintiff's "Motion For Leave To Amend With Attached Copies Of The Official Check For $147,445.88 And Notice From The Underlying CV-91-78 Case In The Circuit Court Of Lowndes County Alabama" (Doc. #9) and Motion For The Court To Serve The Six Parties With The Summons And Documents Filed On May 29, 2009 And Also With What Being Filed Today (Doc. #10) be DENIED as moot. It is further

ORDERED that Plaintiff is DIRECTED to file any objections to the said Recommendation **on or before August 31, 2009**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual

findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See also Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 18th day of August, 2009.

>                             /s/ Wallace Capel, Jr.
>                             WALLACE CAPEL, JR.
>                             UNITED STATES MAGISTRATE JUDGE